**In the Matter of David L. DANIEL**

No. 49S00–0210–DI–533.

Supreme Court of Indiana.

Feb. 24, 2003.

## ORDER SUSPENDING THE RESPONDENT FROM THE PRACTICE OF LAW IN INDIANA

On November 4, 2002, this Court ordered the respondent, David L. Daniel, to show cause why he should not be immediately suspended from the practice of law in this state due to his failure to respond to the Indiana Supreme Court Disciplinary Commission's demands for a response to a grievance filed against him. The order required that the respondent show cause in writing within 10 days of service of the order. The order was sent by certified mail to the respondent's address as reflected in the official records of the Clerk of this Court. The order sent was returned with the notation "moved left no address".

On January 9, 2003, the Disciplinary Commission filed its *Affidavit for Constructive Service* pursuant to Ind. Admission and Discipline Rule 23, Section 10(f)(2), requesting the Clerk of this Court to accomplish constructive service pursuant to Admis.Disc.R. 23, Section 12(h).

On January 9, 2003, the Clerk of this Court mailed notice to the respondent at the following addresses: 6500 East 30th Street, Indianapolis, IN 46217, 3116 McFarland Way, Indianapolis. IN 46227, 8077 McFarland Court, Indianapolis, IN 46227 and P.O. Box 47234, Indianapolis, IN 46247. Said mail was returned to the clerk undelivered.

The Court finds that the respondent has not submitted a response to the *Order to Show Cause* dated November 4, 2002. Accordingly, the Court finds that the respondent should be suspended immediately from the practice of law in Indiana pursuant to Admis.Disc.R. 23(10)(f).

IT IS, THEREFORE, ORDERED that the respondent, David L. Daniel, is hereby suspended from the practice of law, effective immediately. Pursuant to Admis.Disc.R. 23(10)(f)(4), the suspension shall continue until: 1) the Executive Secretary of the Disciplinary Commission certifies to the Court that he has cooperated with the investigation; 2) the investigation or any related disciplinary proceedings that may arise from the investigation is disposed; or 3) until further order of this Court.

The Clerk of this Court is directed to forward notice of this order to the respondent by certified mail, return receipt requested, at his address as reflected in the Roll of Attorneys.

The Clerk of this Court is further directed to issue notice of this order to the Disciplinary Commission.

The Clerk of this Court is directed to give notice of this action pursuant to Admis.Disc.R. 23(3)(d) and to provide to the Clerk of the United States Court of Appeals for the Seventh Circuit, to the clerks of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state the respondent's last known address as reflected in the records of the Clerk of this Court.

All Justices concur.